UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN PATRICK MOORE, II,<br><br>Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al.*,<br><br>Defendants. | Case No. 21-12564<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

# REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF NO. 3]

Plaintiff John Patrick Moore, II, a Muslim prisoner proceeding pro se, sues various Michigan Department of Corrections (MDOC) employees, alleging violations of his religious rights under the First and Fourteenth Amendments. ECF No. 1. The Honorable George Caram Steeh referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12.

Moore's complaint alleged that he is a Sunni Muslim whose faith requires that he adhere to a host of religious practices. ECF No. 1, PageID.6-9. He said that, under MDOC Policy Directive (PD) 05.03.150 and Parnall Correctional Facility (SMT) PR 5003, he faces "misconduct

tickets, security increases, as well as direct physical injury" for engaging in his religious practices. *Id.*, PageID.10-11. In October 2021, Moore moved under Federal Rule of Civil Procedure 65 to enjoin defendants from enforcing PD 05.03.150 and PR 5003. ECF No. 3. But the version of PD 05.03.150 that Moore sought to enjoin is no longer effective; the policy was updated in January 2022.[1]

Thus, the Court **RECOMMENDS** that Moore's motion for emergency temporary restraining order and preliminary injunction, ECF No. 3, be **DENIED WITHOUT PREJUDICE**, allowing Moore to renew the motion to address any issues that remain after the policy change.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 23, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

---

[1] https://www.michigan.gov/corrections/-/media/Project/Websites/corrections/Files/Policy-Directives/PDs-05-Institutional-Placement-and-Programs/PD-0503-Programs-and-Leisure-Time-Activities/05-03-150-Religious-Beliefs-and-Practices-of-Prisoners-effective-01-3-22.pdf?rev=8e25b18e92c64659b26300503caf343b

72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.* And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2022.

                                             s/Marlena Williams
                                             MARLENA WILLIAMS
                                             Case Manager