UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PATRICK MOORE, II,

          Plaintiff,

v.

HEIDI WASHINGTON, *et al.*,

          Defendants.

Case No. 21-12564
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 26]**

## I.   Introduction and Background

Plaintiff John Patrick Moore, II, a Muslim prisoner of the Michigan Department of Corrections (MDOC) proceeding pro se, sues Heidi Washington, Adrian Dirschell, Dave Shaver, Kathleen Meyers, J. LaFave, Sergeant Ross, and Deputy Director Bush, alleging violations of his religious rights under the First and Fourteenth Amendments. ECF No. 1. The Honorable George Caram Steeh referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12.

Moore alleges that he is a Sunni Muslim whose faith requires that he wear modest clothing and specific head and footwear, pray in congregation five times daily, use religious items for prayer, and consume properly

slaughtered ceremonial meat on two Islamic holy days ("Religious Practices"). ECF No. 1, PageID.6. But Moore alleges that the MDOC and Parnall Correctional Facility (SMT) policies prohibit him from adhering to the Religious Practices. *Id.*, PageID.10.

Defendants move for summary judgment, arguing that Moore failed to properly exhaust his administrative remedies. ECF No. 26. For the reasons below, the Court recommends that defendants' motion for summary judgment be denied.

## II.     Analysis

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure

to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

As noted, defendants claim that Moore failed to exhaust available administrative remedies. The Prison Litigation Reform Act (PLRA) requires prisoners to properly exhaust all "*available*" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). And if an administrative remedy "is not capable of use to obtain relief," it is not "available," and § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

MDOC Policy Directive (PD) 03.02.130 (effective March 18, 2019) has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 26-2. Defendants argue that Moore failed to exhaust his claims because his grievances were rejected through all three steps. ECF No. 26, PageID.146. In support, defendants submit a certified grievance report

showing that Moore filed five[1] relevant grievances that proceeded through all three steps of the process—Grievances SMT-21-09-0894-28E, SMT-21-09-0893-28E, SMT-21-09-0892-27B, SMT-21-09-0891-27B, and SMT-20-10-1235-28A.[2]  ECF No. 26-3, PageID.163-166, 170, 174, 178, 182,186.

But under PD 03.02.130, grievances about the "content of [a] policy or procedure" are non-grievable and should be rejected unless the grievance challenges the policy "as it was specifically applied to the grievant."  ECF No. 26-2, PageID.155, ¶ J.8 (emphasis in original).  Prisoners "'cannot be required to exhaust administrative remedies regarding non-grievable issues.'"  *Peoples v. Bauman*, No. 16-2096, 2017 WL 7050280, at *4 (6th Cir. Sept. 5, 2017) (quoting *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004)).

Defendants acknowledge that the 0891 and 0892 grievances that named Shaver and Ross were rejected as non-grievable because they grieved "the content of policy and procedure."  ECF No. 26, PageID.147;

---

[1] Also highlighted in the certified grievance report was Grievance SMT-20-09-1123-14A1, in which Moore stated that he spoke to LaFave about needing more time in the law library. ECF No. 26-3, PageID.191-192. But as defendants correctly point out, Moore did not allege this claim in his complaint, so it is not relevant here. See ECF No. 1.

[2] The Court will refer to the grievances by the four-digit grievance number (e.g., the 0894 grievance).

ECF No. 26-3, PageID.178, 182. Moore also shows that the 0893 grievance that named Meyers and Dirschell was rejected for "lack of timeliness" and because Moore was "also grieving Policy Directive 05.03.150 Attachment A which is not permitted." ECF No. 30, PageID.317.[3]

And while the 0894 and 1235 grievances failed to comply with the procedural requirements, they too concerned the non-grievable policy that affected Moore's Religious Practices. Moore stated in 0894 that he requested an accommodation of ceremonial foods and prayer services for the Muslim holy days of Eid al-Fitr and Eid al-Adha, but Meyers, LaFave, and Shaver failed to respond to his requests. ECF No. ECF No. 26-3, PageID.170; ECF No. 30, PageID.304. The 0892 and 0893 grievances similarly addressed Moore's ignored requests for a daily congregational space and religious items, and they were rejected for "grieving the content of policy and procedure" and thus not subject to the exhaustion requirements. ECF No. 26-3, PageID.174, 178; ECF No. 30, PageID.317. In his Step III appeal for the 0894 grievance, Moore pointed out that he was

---

[3] PD 05.03.150 (effective October 1, 2019) governs "Religious Beliefs and Practices of Prisoners," and its Attachment A (effective March 2, 2020) describes the "Recognized Religious Groups Authorized to Conduct Group Religious Services/Activities." *See* ECF No. 30, PageID.278-289.

continually referred "to PD 05.03.150 which has no remedy and which I cannot grieve because of Policy." ECF No. 26-3, PageID.168, 170.

Moore's 1235 grievance said that he "was not allowed to appear before the Court while wearing [his] Kufi (religious head covering)," and that the MDOC policy discriminated against him, a Muslim man. *Id.*, PageID.186. This grievance was rejected at Step I as "duplicative" of another grievance, and the rejection was upheld through Step III. *Id.*, PageID.183-187. But like the other four grievances discussed, the 1235 grievance was against a policy—prohibiting Muslim prisoners from always wearing their kufi—so the issue was non-grievable. *See Moore v. Washington*, No. 2:19-CV-13616, 2022 WL 739520, at *4 (E.D. Mich. Feb. 3, 2022), *adopted*, No. 19-CV-13616, 2022 WL 543001 (E.D. Mich. Feb. 23, 2022) ("The Court agrees with the MDOC that Moore's [SMT-20-10-1235-28A] grievance was against the policy of prohibiting Muslim prisoners from always wearing their kufi and that his complaint was therefore not grievable.").

Because defendants fail to show that Moore had an available administrative remedy to grieve the policy about his Religious Practices, their exhaustion argument lacks merit.

6

### III.     Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment (ECF No. 26) be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: February 6, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 6, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
